IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY, <br><br> Plaintiff, <br><br> VS. <br><br> SYMPHONY FINANCIAL SERVICES, LLC, et.al., <br><br> Defendants. | CASE NO. 18 CV 08159 <br><br> ASSIGNED JUDGE: <br> HONORABLE EDMOND E. CHANG. |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSE

NOW COME DEFENDANTS, SYMPHONY FINANCIAL SERVICES, LLC; SYMPHONY COUNTRYSIDE, LLC d/b/a COUNTRYSIDE CARE CENTRE; SYMPHONY CRESTWOOD, LLC d/b/a CRESTWOOD CARE CENTRE; SYMPHONY DEERBROOK, LLC d/b/a DEERBROOK CARE CENTRE; SYMPHONY MAPLE CREST, LLC d/b/a MAPLE CREST CARE CENTRE; SYMPHONY NORTHWOODS, LLC d/b/a NORTHWOODS CARE CENTRE; SYMPHONY SYCAMORE, LLC d/b/a SYCAMORE VILLAGE; SYMPHONY MAPLE RIDGE, LLC d/b/a MAPLE RIDGE CARE CENTRE and MAPLE RIDGE RETIREMENT CARE; SYMPHONY MCKINLEY, LLC d/b/a MCKINLEY COURT; SYMPHONY M.L., LLC; SYMAG HOLDINGS, LLC; SYMPHONY HMG, LLC; SYMPHONY MONARCH HOLDINGS, LLC; SYMPHONY HEALTHCARE, LLC; RHFS, LLC; SYMPHONY DIALYSIS, LLC; and SYMPHONY ASPEN RIDGE, LLC d/b/a ASPEN

RIDGE CARE CENTRE, (collectively referred to as "Defendants") by and through their attorney, RONALD H. BALSON, and in answer to the First Amended Complaint filed by Plaintiff, states as follows:

### Jurisdiction and Venue

1. Defendants admit the allegations contained in paragraph 1 of the First Amended Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the First Amended Complaint.

### Statement of the Case

3. Defendants admit the allegations of paragraph 3 of the First Amended Complaint.

4. Defendants admit that Plaintiff demanded payment but, for the reasons contained in the Affirmative Defenses attached hereto, deny said payment is due or payable.

5. Defendants admit the Plaintiff made multiple demands but, for the reasons contained in the Affirmative Defenses attached hereto, deny that Plaintiff's claim to the alleged remaining balance is valid, due, or payable.

6. Defendants admit Plaintiff claimed an additional amount but, for the reasons contained in the Affirmative Defenses attached hereto, deny said amount is due or payable.

### The Parties

7. Defendants admit the allegations of paragraph 7 of the First Amended Complaint.

8. Defendants admit the allegations of paragraph 8 of the First Amended Complaint.

9. Defendants admit the allegations of paragraph 9 of the First Amended Complaint.

10. Defendants admit the allegations of paragraph 10 of the First Amended Complaint.

11. Defendants admit the allegations of paragraph 11 of the First Amended Complaint.

12. Defendants admit the allegations of paragraph 12 of the First Amended Complaint.

13. Defendants admit the allegations of paragraph 13 of the First Amended Complaint.

14. Defendants admit the allegations of paragraph 14 of the First Amended Complaint.

15. Defendants admit the allegations of paragraph 15 of the First Amended Complaint.

16. Defendants admit the allegations of paragraph 16 of the First Amended Complaint.

17. Defendants admit the allegations of paragraph 17 of the First Amended Complaint.

18. Defendants admit the allegations of paragraph 18 of the First Amended Complaint.

19. Defendants admit the allegations of paragraph 19 of the First Amended Complaint.

20. Defendants admit the allegations of paragraph 20 of the First Amended Complaint.

21. Defendants admit the allegations of paragraph 21 of the First Amended Complaint.

22. Defendants admit the allegations of paragraph 22 of the First Amended Complaint.

23. Defendants admit the allegations of paragraph 23 of the First Amended Complaint.

24. Defendants admit the allegations of paragraph 24 of the First Amended Complaint.

25. Defendants admit the allegations of paragraph 25 of the First Amended Complaint.

26. Defendants admit the allegations of paragraph 26 of the First Amended Complaint.

27. Defendants admit the allegations of paragraph 27 of the First Amended Complaint.

28. Defendants admit the allegations of paragraph 28 of the First Amended Complaint.

## Breach of Contract

29. Defendants repeat their answers to paragraphs 1 through 28 of the First Amended Complaint as their answer to paragraph 29 of the First Amended Complaint.

30. Defendants admit the allegations of paragraph 30 of the First Amended Complaint.

31. Defendants state that paragraph 31 is a conclusion. The best evidence of the terms and conditions is contained in Exhibit A, which must be read as a whole.

32. Defendants admit the allegations of paragraph 32 of the First Amended Complaint.

33. Defendants admit the allegations of paragraph 33 of the First Amended Complaint.

34. Defendants admit the allegations of paragraph 34 of the First Amended Complaint.

35. Defendants admit that the quoted language is part of Exhibit A. Defendant denies that it agreed to pay any calculations of retrospective payments that were prepared inaccurately or untimely.

36. Defendants admit that the quoted language is a part of Exhibit A.

37. Defendants state that Exhibit A is the best evidence of the terms and conditions and must be read as a whole.

38. Defendants admit that the quoted language is contained in Exhibit A.

39. Defendants admit the allegations of paragraph 39 of the First Amended Complaint.

40. Defendants state the paragraph 40 is an irrelevant statement and requires no answer.

41. Defendants admit that Plaintiff conducted an audit in 2017 and, for the reasons contained in the Affirmative Defenses attached hereto, deny the remainder of paragraph 41.

42. For the reasons contained in the Affirmative Defenses attached hereto, Defendants deny the allegations of paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations of paragraph 43 of the First Amended Complaint and further deny that the account summary is accurate.

44. For the reasons contained in the Affirmative Defenses attached hereto, Defendants deny the allegations of paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations of paragraph 45 of the First Amended Complaint.

46. Defendants admit they refused to pay said amount but deny that it is due or payable.

47. Defendants deny the allegations of paragraph 47 of the First Amended Complaint.

WHEREFORE, Defendants pray that the First Amended Complaint filed by Plaintiff by dismissed and the relief sought thereunder be denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### Plaintiff Failed to Perform its Contractual Duties

1. Plaintiff's duties and responsibilities to Defendants arise out of the policy of Workers Compensation Insurance and attendant schedules issued in 2011 for the policy year 2011-2012 (the "Policy"). Those policies and schedules are attached to the Amended Complaint as Exhibit A.

2. According to the Policy, in the event a workers compensation claim arises during the policy period, it is the duty and obligation of Plaintiff to represent Defendants and resolve the claim in as efficient and economic manner as is professionally possible for the benefit of Defendants.

3. Part Two, Section D provides in pertinent part as follows:

> "**D. We Will Defend**
> We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits.

4. Part Two, Section E provides in pertinent part as follows:

> "**E. We Will Also Pay**
> We will also pay these costs, in addition to other amounts payable under this insurance, as part of any claim, proceeding or suit we defend:
>
> 1. Reasonable expenses incurred at our request, but not loss of earnings;
> 2. Premiums for bonds to release attachments and for appeal bonds in bond amounts up to the limit of our liability under the insurance;
> 3. Litigation costs taxed against you;

6

       4.       Interest on a judgment as required by law until we offer the amount due under this insurance; and

       5.       Expenses we incur.

5. According to the Amended Complaint and its schedules, the injury giving rise to the claims of Plaintiff incurred in 2012. Plaintiff had an obligation to vigorously defend said injury claim as promptly and efficiently as possible, resolving said claim at the earliest reasonable time. Plaintiff did not attach the claim file to the Amended Complaint. Most worker's compensation claims are determined and settled within a short period of time. Defendants have reason to believe that when the claim file is produced in this matter, it will show that Plaintiff negligently failed to promptly process the claim, perform its duties to defend and pay, and allowed the claim to linger and incur unnecessary costs and delays.

6. The precise amount of costs, fees and other liabilities incurred because of Plaintiff's failure to properly perform its duties will not be known until the claim file is produced. It is likely that no amounts are due from Defendants to Plaintiff, but in the event that amounts are found to be due, any such amounts must be reduced by the amounts attributable to Plaintiff's failure to promptly discharge its duties.

**Second Affirmative Defense**
**Incorrect Calculation of Amounts due**

1. Plaintiff's claims for premiums due is based upon its policy of Workers Compensation Insurance and attendant schedules issued in 2011 for the policy year 2011-2012. Those policies and schedules are attached to the Amended Complaint as Exhibit A.

2. Part Five, Subparagraph E provides that the <u>final premium</u> will be determined by "using the actual, not the estimated premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy.

3. Plaintiff did not use the proper rates, including making proper application of the loss conversion factor, in calculating premium amounts. The claimed amounts due are believed to be significantly inflated. The precise amount will not be known until documents are exchanged in discovery.

**Third Affirmative Defense**
**Plaintiff's Claims are Time-barred**

1. Plaintiff's claim for premiums due is based upon its policy of Workers Compensation Insurance and attendant schedules issued in 2011 for the policy year 2011-2012. Those policies and schedules are attached to the Amended Complaint as Exhibit A.

2. Part Five, Subparagraph G provides in pertinent part as follows:
"We may conduct the audits during regular business hours during the policy period and <u>within three years after the policy period end</u>s. Information developed by the audit will be used to determine <u>final premium</u> [sic]." The Policy period ended on December 31, 2012.

3. Plaintiff alleges it conducted retrospective adjustments in 2017 and 2018 resulting in its claim for premiums due. (Am. Complaint, Par. 41 and 42).

4. Accordingly, the final premium was determined long after the three-year period in 2017 and 2018.

8

5. The claim for final premium due is beyond the contractual time for making such determination and is time-barred.

### **Fourth Affirmative Defense**
### **Laches**

1. Plaintiff's claim for premiums due is based upon its policy of Workers Compensation Insurance and attendant schedules issued in 2011 for the policy year 2011-2012. Those policies and schedules are attached to the Amended Complaint as Exhibit A.

2. According to the Policy and the attendant obligations and duties of Plaintiff thereunder, Plaintiff had an obligation to complete its audit within the three-year period and notify Defendants of a final premium.

3. According to the Policy and the attendant obligations and duties of Plaintiff thereunder, Plaintiff had an obligation to vigorously, efficiently, and economically defend any injury so as to reduce the amounts payable and resolve said claim at the earliest reasonable time.

4. Plaintiff has unreasonably and inexcusably delayed in determining the final premium, and in timely and efficiently resolving a worker's compensation claim.

5. Defendants have been adversely prejudiced by Plaintiff's unreasonable and inexcusable delays in that Defendants' rights to timely claim losses against income have been negatively affected.

      6.      Plaintiff's claim for premium amounts due should be barred because of Laches.

                                          **RESPECTFULLY SUBMITTED:**

                             **BY:**    **/s/ Ronald H. Balson**
                                      **RONALD H. BALSON**
                                    **One of the Attorneys for Defendants**

**RONALD H. BALSON**
**ARDC 0105074**
**Email: rbalson@spklaw.com**
**STUART M. SHELDON**
**ARDC 628732**
**Email: ssheldon@spklaw.com**
**STONE POGRUND & KOREY LLC**
**1 E. Wacker Drive**
**Suite 2610**
**Chicago, IL 60601**
**Phone: (312) 782-3636**

10

/Users/ronaldbalson/Documents/office/Def. Ans. to 1st Amd. Comp..docx